We're here today because the DVA failed to set aside a construction project for a small, disabled, veteran-owned business as required by 38 U.S.C. 8127 and FAR 19.506. Can I just, before you get into the meat and potatoes of your argument, can I just get a sense from you as to exactly where things stand and the role of the players? Has this solicitation been, has there been an award in this case? This is a pre-award protest. I understand that. And there has been an award. In the absence of an injunction, whether anything has gone forward or what's the situation? The contract has been awarded and is substantially well underway by the large contractor that was awarded the contract. And in the course of that bid process, after the determination was made that this would not be limited to the subclass that included your client, did your client bid on the contract? No. No. And there's a representation, I think, in your brief, and I just wanted to check, that your client would not bid on a re-procurement or your client would bid on a re-procurement? If it was set aside for small business, either just service-disabled, veteran-owned or general small business, he would bid on it. If it was set aside for HUBZone or 8A, I don't believe he would have bid on it because he wasn't qualified. Presumably, if it were set aside for 8A, your client wouldn't be eligible to bid, right? That's correct. Right. So you wouldn't bid on if there were a re-procurement. Well, we would have bid if our pre-award protest had... Right. I understand. I understand. But going forward, if there were to be an order, if we were to say, well, no, that given what went on here, there has to be a re-procurement and the re-procurement has to be limited to 8A, your client would not participate in that re-procurement. He's not an 8A, is that correct? No, he's not an 8A, so he could not participate. I'm sorry. Speak up. I'm sorry. He is not an 8A, so he could not participate. He qualifies for service-disabled, veteran-owned small business, service, a veteran-owned small business, and a small business, but not for 8A or HUBZone. Well, I'm sorry. I'm a little unclear as to what falls within 8A and what falls within the protected class that includes or did include your client. Now, let me rephrase my question then, and we won't charge this time against you. Well, thank you very much, Your Honor. I appreciate that. Because this is really on me and not on you. Okay. I was wondering why the clock wasn't running. Your clock. Well, just to get the lay of the land here. So, assuming that we were to say, no, this should have been limited or at least in some way confined so that disabled veteran small business owners could participate in the procurement on a preferred basis, whatever that might be, would your client be able to and would it then bid in the re-procurement? At the time that the protest was filed, he would have. Right, but I'm asking if we should grant relief here, would your client bid? Since then, the disabled veteran that owned the business has passed away, and so he's probably... Well, there's nothing to bid on. Isn't that right? That's true, too. There's nothing to bid on. The building is under construction. Well, presumably, we could order a re-procurement, right? That would be unusual, but that's... It would be beyond my expectation because the building's at least half or more completed at this point, so I don't think you could order a re-procurement at this point. I think you could order, and this is really what we're looking towards, is to enter an order directing the Department of Veterans Affairs to follow the correct procedures and determine whether or not a procurement should be set aside for a small business. This procurement? A procurement. In other words, what you're saying is that for purposes of future bids, we should enter an order saying that it won't affect this case, but in the future, here's the way the Department of Veterans Affairs should do its business. Is that the remedy you're looking for? In a way. In what way is it not? In a way, I'm saying because it's our belief that the Department of Veterans Affairs did not do the market research it was supposed to do. I understand, but the question is, what is the relief you want for that violation, if it is one? Oh, at this point, the only relief we can recover is the cost of the filing the protest in the first place. Can I participate in this with you? Yes, of course. I think at this point, we probably should start the clock. We ought to start the clock. Yeah, I was trying to avoid getting into my primary argument while we were up. That's all right. Judge Bryson has brought us rapidly to what I think is the key question that's puzzling me, the remedy you're seeking. In the trial court all the way through this process, you wanted re-procurement up to a point. But once the procurement was gone, at least when you finally got here on appeal, your remedy request suddenly changed. And you no longer were asking for re-bidding, re-procurement, the whole thing. You now were seeking damages. That's correct. As far as I understand, is that correct? Yes. You are really appealing now for a damages award, not for re-procurement. You need to be clear on this, counsel. Your brief is not clear. The case is not clear. We cannot decide a case where the counsel doesn't even know what he's asking for. So you need to be explicit about what you want from us. Which is why I was glad you put on the time, because to answer that question, I need to get into my argument. We don't need your argument. We just need an answer to that question. What is it you want? Well, to answer the question, you have to look at the standard. No, we don't have to look at anything except to know what is it you want. What is your final paragraph in your brief? I asked for what? Part of this case involves not just our appeal, but it's consolidated with a motion for relief. And under the motion for relief, we believe we've established evidence. The court didn't hear it. She denied it on the standing ground. The lower court did. But if that motion had been granted and we were allowed to produce evidence on the motion for relief, we believed we could show that the contract officer's behavior was so egregious, so far out, that it actually could meet a bad faith test and entitle us to lost profits on it. We can't ask for that relief without the lower court hearing the motion for relief and deciding whether or not we meet that standard. And that's why it's difficult to answer your question. On the primary appeal, the only thing we can recover at this point is the attorney's fees for filing the protest. And I believe we're still entitled, and I believe our brief made that point, that we're still entitled to recover attorney's fees if our protest was properly filed. It was proper at the time, because if the lower court had granted it, we would have gotten the opportunity, along with other service-disabled, better-known small businesses, the opportunity to participate in that procurement. Let's assume we remand the case to the trial court. Yes, sir. Hypothetically, let's assume we conclude the trial court erred in some way. Not yet clear what it is you think the error was entirely, but I think I have an idea. Let's assume we remand to the trial court. What will you then ask the trial court to do? We will ask the trial court. There's two different remands that can come here. That's why I'm having difficulty answering it. On the primary appeal, the remand wouldn't really get us anything but attorney's fees. And that's what we would be asking the lower court to say, since we correctly filed the protest, we're entitled to recover the attorney's fees incurred in pursuing the protest. Under EAJA. Yes, under EAJA. Go ahead. You've said twice, because we correctly filed the protest. My understanding is you're entitled to attorney's fees, arguably, if you were the prevailing party. Yes, and I wasn't saying the standard. Our argument with the lower court would be, if you remand it to her, would be that, and we'd have to see your decision to say that, but assuming that we had a clean 100% victory at this appeal court. So you want us to say you were wrong in terms of your basic appeal decision, where you said that there was not sufficient error in the law, and therefore do it over, and you would only get attorney's fees assuming you prevail. On the original appeal, the court would have to hold a limited hearing on whether or not we substantially prevailed to determine if we're entitled to attorney's fees under the EAJA. So you're not asking us for attorney's fees? No. No, we're asking for it to go back to the lower court. Well, I understand now, I think, what you're asking, or at least with respect to the attorney's fees, but here's my problem with that, and it was alluded to by Judge Prost. If this case is moot on the merits, that is to say, if there's no relief that we can grant your client in light of the death of Mr. Stolo, that would be meaningful. Then you are not at this point a prevailing party because you haven't won, and mootness typically would defeat the ongoing nature of the case for purposes of an EAJA award. In other words, put another way, if the case is moot, you can't say it's not moot because you hope to win on remand and then become a prevailing party and then get fees. The Buchanan case from the Supreme Court a few years ago had very similar facts. The case became moot while they were litigating the case, and the Supreme Court said, okay, that's the end of it. No fees because you weren't a prevailing party. You have to be a prevailing party. In other words, first, you don't avoid mootness by a hope of becoming a prevailing party, right? Isn't that a fair statement of the law? I believe so. I don't believe the case is moot, and let me explain why. Okay. That's an important point. If you look, and I know this case ruled against it. Before you wander away from the remedy, are you also asking for damages of some kind? Assuming we gave a blanket remand, would you ask the trial court for some other damages other than attorney's fees? What do you have in mind on that score? We have a motion for relief pending that's part of this package of appeals,  and that hearing were to go the way that we would like it to go or envision it going. We believe we'd be at the line or across the line where we can show the government's behavior was so egregious that it can amount to bad faith. I understand the difficulty in bad faith. I understand that, but we believe that we could establish that, and if we could establish that, then that would open the door to potentially getting lost profits on the motion for relief. And what is the authority for getting lost profits in that? That's probably the one case I did not bring with me today, Your Honor. All right. But your suggestion is, you said before, the law is if you've established bad faith at some level, that entitles you to lost profits. That's your view of it? That's correct, and I can provide a case to the court, too, and my co-counsel, Mr. Krauss, may be able to locate it. And your argument would be then that the mootness doesn't necessarily apply because you're not seeking a contract, but you are seeking lost profits. Right, and if you go back and look to the… Let me just ask, but dealing with that line, the threshold question would be, so we also have to say that you didn't waive that argument. I mean, you have to be able to demonstrate as a threshold matter why you didn't litigate those bad faith issues before. I agree. Okay, so you've got to do that first, and then you've got to establish, I guess, a sufficient basis, go back, and then if you win on bad faith, your argument is under the law. Oh, I agree. There are some heavy burdens we have to meet if we go back to the Court of Federal Claims on our motion for relief. No, but here, wouldn't you have to demonstrate to us why you didn't raise this initially before the Court of Claims? If not, your argument with regard to bad faith would be waived. No. Would you have to prove that to us? I don't think so. If you look at the motion for relief, if the lower court had denied our motion for relief on the facts, I would agree with you, Your Honor, but the court denied it on technical grounds, on standing, and a timeliness issue. The court didn't count the last day of the period was a weekend, and it was filed the following workday, and we believe she miscalculated it, and that's in our brief. Where is all this? You're saying this is an argument you made in your brief in support of your appeal in this case? No. No. No, that's an argument that we made. We filed the appeal. Yeah. Excuse me. The court issued its decision. We filed a motion for reconsideration, which was denied. We filed the appeal. While the appeal was pending, we discovered new facts that indicated the government had placed incorrect records. So that's not part of this appeal. Yes, it is. They were consolidated. In fact, isn't that the narrow issue on appeal? Do I misunderstand? I thought your issue on appeal to us was whether the trial judge correctly ruled no standing on your motion for reconsideration. Isn't that why you're here? That's a good question. I love how I answer it, Your Honor. I'm sorry. I apologize for that. And the reason I said it's a good question is because the court consolidated the two appeals. We have two separate appeals that we filed, one on the basic decision and one on the motion for relief. And we're prepared to argue both of them, but really it's our position. Where's the motion for relief in the appendix? Where's the actual motion for relief? It's in the appendix. Mr. Krause is located for it. What I'm referring to, though, is this lost profits argument that you're making now. I didn't see that in your brief. Did you make that in your brief? No. In your brief to us. No. And that wasn't the issue at the time because our lost profits argument only becomes available to us if we have a hearing on the motion for relief and we meet our heavy burden on that motion for relief to show that we had evidence that we could not have reasonably discovered beforehand and then show further that the government engaged in bad faith. We never got to that point. When the court denied the motion for relief on standing, that stopped that issue and the court never addressed the factual issues. And what we're really asking today is to say that the court's decision to deny us standing, to deny our motion for relief on the grounds that we lost standing, was incorrect and that she has to hear the motion on the merits. Let me see if I can try it. What you're asking us to do is order a remand to the court of federal claims to revisit the motion for relief. Correct. Which she denied on, in your view, improper grounds. Namely, she miscounted and B, she said you no longer had standing in your case because Mr. Tolano had died. Correct. And you think those are both wrong grounds for refusing to hear your motion for relief. That's correct, Your Honor. And so what you want us to do is rule she was wrong, grant his motion for relief, and then deal with all those other issues, dear trial judge, in whatever way they need to be dealt with. She was wrong. Do I have that much correct? Pretty much, yes. The reason I say pretty much is the first step, I'm just trying to be technically accurate, the first step in the motion for relief is to determine whether we've provided sufficient evidence to show that we should not have known or could not have reasonably known of the evidence. None of that is before us. No. And let me ask, is it your thinking that when you go back for a motion for relief, you're now going to raise all the issues that Judge Bryson has pointed to, which is the question of damages, what kinds of damages you're entitled to? Yes, sir. You may have to end up amending your original complaint. I mean, I don't know, because your original complaint only asked for rebid. I guess I'm trying to remember if we asked for, I'm sure it asked for rebid. Yes, the end result of a motion for relief could be, is amending the complaint because there was evidence that we could not have reasonably discovered that led us to have different information, which would basically open up the whole case. So the first thing we have to decide is whether you're entitled to a remand on the motion for relief. Yes, sir. I have that much correct? Yes, I agree 100%. You will concede that much? Yes. And on the point of mootness, I draw the court's attention to Can I, before we leave that point, did your motion for relief, I mean, I don't think it's in the appendix, actually. Did that ask, I mean, you allege you've got new information. Did you allege it was fraud? Did you allege that that is the basis for lost profits? Was all that alleged in the motion for relief? The fraud part is, I'm trying to remember. What was the request for lost profits made? This all has a sort of recent vintage feel to it, to put it generously. What do you mean by a recent vintage feel, if I could ask your honor? It sounds like something that was sort of concocted not for purposes of being presented to Judge Miller, but rather for purposes of salvaging this case from mootness. No, absolutely not. Okay, when was the request for lost profits made for the first time? I can't tell you that the request for lost profits was made. At what time? Well, that's an interest. Well, go ahead. The reason it's not kind of made up to get the case back there, and I think that's kind of what you're saying, is that as we were preparing the appeal, during the primary trial the government had introduced into evidence a list of sources sought notices that supported the government's position. As we were preparing for the appeal and we went back and pulled up the real sources sought notices off the database, the online database, we found out that the government had misrepresented in each of those cases, in several of those, in half or more of those cases, what the real sources sought notice said. I'm about to run out of time. I'd like to bring one case to your attention, and that is in Aftel, and I'm not citing Aftel, excuse me, which is a case number 206-5060 by this court. It's cited the county of Los Angeles v. David, 440 U.S. at 831, and in that case they said, jurisdiction properly acquired may abate if the case becomes moot because, one, it could be said with assurance that there is no reasonable expectation that the violation will reoccur, and two, interim relief for events that completely and irrevocably eradicated the effects of the alleged violation. And the court used the word and in making that decision, and it's our position that what happened here was basically a contracting officer that just didn't decide not to play by the rules, didn't want to do things fairly. We have a course of dealing that the government conceded. If you look at page 17 of the court's original decision, she notes that the government conceded that this one contracting officer's behavior was different than all the other contracting officers' behavior of which we presented evidence for. But the evidence you're referring to was available at the time of the original case, right? I mean, I don't know. That's a threshold matter right, whether or not you waived your right to, you know, bring this anew. And that's a matter that would be decided by the trial court, yes. So your motion for relief, there's a threshold matter has to establish, you know, has to allege that, that it wasn't available, and then did you, have you answered the question about whether or not you requested lost profits and the relief you requested in the motion for relief? Did we request lost profits? I believe we did in the motion for relief. Yes, we did in the motion for relief. But she never heard your motion on the merits. Exactly. She never heard that motion on the merits because of the standing issue, and we believe that we have standing. We were a proper party, interested party at the time we filed the protest. What is the status of Totolo King today? Is that still an entity or has that gone away now? Do you happen to know offhand? Yes, I do. We're in positive time. Do you want to go ahead and answer? We're out of time, but do you want to go ahead and answer? Yeah, please go ahead. Totolo King, to the extent that it had ongoing projects at the time Mr. Totolo, the SDV, the service disabled veteran member passed away, to the extent that it had ongoing projects, it's allowed to complete those projects. To the extent that projects were awarded to it while he was still alive, they're still allowed to complete those projects, and it goes on to that extent. I don't believe all of the projects have been completed as of today. Mr. Krause might know. So there's still ongoing projects. The joint venture itself still exists. They wouldn't qualify for the veterans, whatever. They wouldn't qualify to bid on new work, only to complete work that's already been awarded. Okay, that's fair. Now, just one more question about the motion for reconsideration. The trial judge states that the plaintiff could have made the arguments asserted in the motion before the decision issue. That sounds like saying that this is not something that is the type of newly discovered evidence. That was different information on a motion for reconsideration, and it involved a specific information letter issued by the VA that we didn't know existed, and she found that we could have found it through exercise of better diligence. That's not what the motion for relief is on, though. The motion for relief is because we found, as a result of our careful analysis on appeal, we found that several things that we believe that the government has submitted, to which a presumption of regulatory attaches, we believe that the government submitted these sources of notice that what they said were correct. Your motion for relief was the third motion. The motion for reconsideration was the second motion. Do I have that right? Yes. The motion for reconsideration was actually the first motion, and the relief the second motion. Second motion. Sorry, I just want to get the numbers straight. Is it your position as a legal matter that even if we were to conclude that the underlying appeal is moot because the relief sought there was an opportunity to bid, and because of death it's mooted, is your view that there's a different mootness analysis that inures if the relief sought is bad faith, lost profits? Is that the position? Is that what you're advocating here? Well, I hate to say yes and no answer. That's an easy yes, counsel. That's an easy yes. Thank you, counsel and Judge Klinger. We'll hear arguments from the government. May it please the court. What I'll attempt to do is simply clarify some points raised by the responses that might be helpful for the court's consideration rather than following any specific outline. There's been reference to the joint venture to Tolo King still existing. To the best of the government's knowledge, it doesn't, and that is because the documents, there was never a joint venture agreement entered into the record below. When this whole question of mootness arose in the government's motion before the trial court, Tolo King submitted joint venture agreements specifically applied to other procurements. To our knowledge, there never was a joint venture agreement executed for this specific project. But wait a minute. They filed a complaint in that name. Exactly. And in terms of a motion to dismiss, we have to take that as correct unless you challenged it at the time. Well, we've challenged it since. Did you challenge the nature of the plaintiff's status at the time the complaint was filed? No. No. Okay. But I'm saying in the course of briefing on the question of mootness, we did raise the issue and we pointed out the agreements that Tolo King filed did not apply and specifically applied to other procurements, not this one. So the issue was briefed and argued before the court. For future procurements. No, for this procurement because we raised the issue that it was moot. But you can't challenge this procurement at the time they filed the complaint because at the time they filed the complaint, they were presumptively a joint venture and Mr. Tolono was quite well and healthy. Exactly. And we challenged it. After his death, we challenged that. In response to our challenging it to Tolo King's filings, all that Tolo King filed with the court were joint venture agreements for, in fact, other procurements. I'm simply trying to respond to this question. And the record fully reflects our briefing on this before the Court of Federal Claims. The issue wasn't raised in the briefing and I'm responding to the comments today. In response to the questions from the court, the complaint sought a stay of the procurement and in order to re-solicit the procurement as restricted to disabled veteran-owned small businesses. It didn't seek bid preparation costs or bid proposal costs logically because there had been no bid and had been no proposal. In fact, all the way up through all of these proceedings, as near as I can tell, he kept talking about re-procurement and bid protests until suddenly on the appeal to us, he is now talking about damages. In your red brief, you note that that switch had occurred, but you don't take objection to it. Well, the switch actually occurred, Your Honor, in the motion for relief from judgment because in the motion for relief from judgment, there's a recognition that they're no longer entitled to re-solicitation. And there's a request there for relief. And in the briefing before the Court of Federal Claims on the motion for relief from judgment, the notion that they might be entitled to attorney's fees pursuant to 28 U.S.C. 12b was raised. And did you object? Well, we indicated that it had no possible application. 12b, you mean 2412? 2412 subsection b. Right, okay. And yes, that issue was briefed before the trial court. And the trial court had the benefit of that briefing in issuing its ruling consistent with this court's holding in Aptell Services to total king-like standing. What about the issue that we were discussing at the end, which is did they seek— I mean, there's an additional argument here that if indeed the motion for relief was seeking lost profits, then the analysis of mootness might be different. Was that something that was raised and came up and was discussed and connects with the motion for relief? To the best of my knowledge, it wasn't raised either into total kings, opening briefs to this court or anywhere below. I was reviewing the motions and the briefing on that issue. And based on my cursory view today, it wasn't raised in any of the briefings. How about was it raised in the motion for relief? I mean, we have in the joint appendix a grand total of three pages that pertain to the motion for relief. We have the first page of the motion.  And we have the caption page of the government's response and nothing more. We have your name and the name of the case, which is enlightening to a point, but it doesn't tell us anything about the substance of the joint appendix. In our view, the court's opinion dismissing the motion for relief from judgment based on Aptell Services is correct to an extent. And we have not defended that decision in passing the court mention at the end. Are you suggesting they're in bankruptcy? I'm suggesting that because of the death of Mr. Tutolo, they're no longer eligible to submit a response to a proposal issued in the manner in which they suggested. Even if their remedy is for damages and not for re-bidding? As we argued in our brief, the trial court would have no jurisdiction to consider their contention that they're entitled to damages, and for two reasons. One, the trial court considered this case. The case was filed, and the complaint indicated the court's jurisdiction. And the trial court expressly stated its jurisdiction was pursuant to 28 U.S.C. 1491b2. B2 provides a trial court can enter either equitable relief or monetary damages exclusively limited to bid proposal or bid preparation costs. This is not a case where the statute is silent. This is a case where the statute expressly precludes the relief that they now contend that they seek. This court, or the trial court, if it's now suggested, the matter should be remanded. And I point out in their reply brief, they specifically indicate that this court should award the attorney's fees under 2412b. And there hasn't been a favorable judgment, and clearly that can't be done. If this matter were remanded to the trial court, the only basis for the trial court to consider the remand, the statutory basis for the court's jurisdiction would be 28 U.S.C. 1491b2. And b2, which provides the relief the court can grant in this case, is limited to equitable relief and to bid proposal and bid preparation costs, neither of which have ever been sought in this court. And to the best of our knowledge— Well, is there a basis in the law? And we asked about this, and we didn't hear the name of the case. I mean, is there a legal theory here that if there's bad faith, there's some higher level of proof shown that you can get lost profits? To the best of my knowledge and to the best of the government's research, no. The suggestion has been made that in some manner provisions of 28 U.S.C. 2412b apply. Now 2412b has been amended to be somewhat less onerous and now provides that the government will be liable for attorney's fees on the same basis as private parties. But the statutory provision— I'm talking about something outside of attorney's fees. I'm talking about a cause of action that would ask for, this is bad faith, therefore we're entitled to lost profits. Well, one, this argument was never raised below. And two, it wasn't raised in the brief. In the motion for relief or in the briefing in connection with the motion to relief, was there any discussion of bad faith rising to a level that would result in damages in terms of lost profits? Yes. Not lost profits. To the best of my knowledge, lost profits was never mentioned below. What was mentioned was bad faith as it applies to 2412b. That's to EJER. That's to EJER, an award under EJER. And our response to that below and our response in our response brief to this court is that 2412b expressly provides for relief to prevailing parties. Courts don't serve as roving commissions under 24b to award limited relief to non-prevailing parties because an incorrect argument was made below. Well, the assumption in some case, the assumption seems to be that Tolo King indicates that the court of federal claims needs to exercise some supervisory power in this case. I think it's notable in the court's October 2009 order, the court cautioned Tolo King about arguments being made and indicated a decline to show cause why sanctions shouldn't be imposed.  was, if you would, responding to improper arguments. And this notion that there has to be some sort of damage remedy in this case is completely unprecedented as far as we can see. There's no case suggesting such a remedy in Tolo King's brief or cited below. And it's contrary to 1491b too. I understand your technical argument. Let's flip to the other side and put ourselves in the shoes of the plaintiff, Mr. Tolono, or really actually Tolono-King Joint Venture, which for purposes of this discussion, I think we have to assume is an entity. From their viewpoint, as I understand it, they started out saying, well, wait a minute, we are entitled to this statutory and executive order preference. And you, Mr. Government, denied us that preference because you put out that SS, what is it called, an SSR or whatever it is. And a month later, without waiting very long to see what came in, you flipped it over and said, oh, we'll go broadly and open it up to everybody. And within one month, their argument at that point was, wait a minute, that's not right. So they bring a suit in the Court of Federal Claims under the statute for rebidding. In the meantime, over time, they get adverse judgment. Trial court rules against them on the merits, right, so far. Then they're starting to get an appeal. They're starting to try to figure out a motion for reconsideration by the trial court. And the government promptly goes out and bids the thing and gets some contractor to start building a building, which is apparently well along. At that point, there really is no remedy that the trial court, if it should decide it was wrong, could give them in terms of rebidding. The government has now blocked that remedy by bidding it out and proceeding ahead, which presumably it was entitled to do because it had a judgment from the Court of Federal Claims, which had not yet been heard on appeal. So at that point, what do they do? Well, it's not clear all of the things they did. But at this point, what they seem to be saying is, wait a minute, the government was acting wrongly and denying us. The trial court was wrong. The trial court wouldn't correct itself. And now we've got reason to think there was bad faith. Query, do they have, is there any statute or law under which they can now go against the government in the Court of Federal Claims and say, okay, I can't rebid this because it's too late. But at least I want some kind of damages remedy for the government's wrong. Is it your argument that because they started out as a bid protest, there is no possible remedy in the Court of Federal Claims for damages? The result of there being no remedy is the logical outcome of the statutory scheme Congress has established for the Court of Federal Claims to entertain bid protest. Congress, in providing for the equitable relief, has limited that relief. I understand that's for the bid protest. But now the bid protest is clearly moot. There's no question about that because the government went ahead and issued the bids outside the ground that they say they should have done. So that mooted their ability to bid on this project. But it didn't moot their ability to say, government, you've worked us wrongly, and now you owe us damages. Is there any basis on which they could bring that suit? The procedural outline which you've done is incorrect in two points, and let me address those first. One, the notion that the government quickly procured is incorrect because the government agreed to a stay of the procurement proceedings while the Court of Claims considered these proceedings in the first instance. Tolo King's motion, the Court of Federal Claims denied Tolo King's motion for reconsideration and in so doing found that it was untimely and specifically as well determined that even if all the arguments had merit, the delay into Tolo King in bringing that motion warranted a denial of equitable relief because of Tolo King's delay. You said, just to make sure we've got the right document here, I think you referred to the motion for reconsideration. You mean the motion for relief that was found to be untimely? Or the motion for reconsideration? The motion for reconsideration, the October 2009 motion, denial of motion for reconsideration determined that that was untimely and also made a determination that the interest of equity favored denying to Tolo King any relief because of the delay. And then we turn to the motion for relief from judgment, and that's the most recent order, and that dismissed the case. Now, we have defended or we've argued that the court was correct as to avtel services. As we pointed out in our brief, the sequence of filing as to that motion for relief from judgment is somewhat confused. A placeholder was filed on the day a motion for relief from judgment was filed, and then three weeks later a motion was filed. We have not urged affirmance upon the basis of the Court of Claims holding because the Court of Claims didn't discuss the fact that there were two separate filings. But our argument is that the Court of Federal Claims was correct in the holding that avtel services warranted dismissal. And the overall response to your answer is there is absolutely no relief for a contractor allegedly aggrieved in this matter because of the statutory basis pursuant to which the Court of Federal Claims has been granted jurisdiction to entertain bid protest. Well, Judge Plager's question, if I understood it correctly, a piece of his question dealt with mootness, mootness being compelled by the fact that the government's already awarded this project to someone else and it's halfway done. I understood the government's position with respect to mootness not to be with regard to that. I mean, you wouldn't say this we don't have jurisdiction if he were still alive, right? Absolutely not, Your Honor. That the mootness question is related to his being alive versus not, not with respect to the fact that this is moot because the government's gone ahead and started the project. Am I right about that? That's correct. Conceivably, and there have been cases in which the Court of Federal Claims, and we haven't argued that as a basis to affirm the judgment. There have been cases where the Court of Federal Claims has enjoined ongoing procurements. That wasn't the argument that was made in this case. Service procurements especially, it seems to me, are suitable for that kind of post-award and initiation of performance re-procurements. But it's notable in this case that in the denying to Toho King's motion for reconsideration in October of 2009, the court specifically considered that and determined it was simply too late. And the balance of equities in this case favored the government and would not favor any injunction to the procurement. There's nothing peculiar about that to procurement contracts. That's just a function of equity practice. You seek a preliminary injunction or a TRO in order to prevent the occurrence of something which, when it occurs, will effectively, as a practical matter, typically moot your litigation. And routinely in cases such as this, the government agrees to a temporary and short stay of the proceedings in order the trial court can assess the legal issues or frequently agrees to a stay of the proceedings, can assess the legal issues. If the trial court indicates that the government action is justified, the government may go ahead with the procurement even though there's the possibility of an appeal. Let me come back to Judge Crow's question. Your trigger then is the fact that Mr. Tolano died. Well, consistent with this court's precedent in Aptell Services... Okay, was that a yes? Yes, the answer is yes. Now, let me give you a hypothetical question. Let's assume Tolano King got the bid to actually build this hospital. Let's assume they got the bid. The government went ahead, gave them the preference, they qualified. They're building the building, and Mr. Tolano dies. But before he dies, there's a dispute between Tolano King in the process of building this thing and the government over changes. You're familiar with how we get these cases, disputing whether the change orders were... and whether there was delay caused by their... They get into one of these big classic cases that you come up here with time and time again, right? And it's in litigate. It's filed, the suit is filed, and it's on appeal, and it goes back, and it's coming back again, and Mr. Tolano dies. Does the suit die with him? No, because the regulations that govern... Why not? Because the regulations that govern the fact that the joint venture, once it has the contract, may continue to perform, notwithstanding the fact it would otherwise be ineligible for set-aside. So the hypothetical you raised is specifically addressed by regulation. But if he died the day before the award, different outcome. He has to be eligible at the time of the award. For an award. For an award. But if he's suing for damages... But if the situation... If not he, but if the entity that's claiming a wrong is suing for damages, it's a different problem, isn't it? His death is irrelevant. Why is his death relevant to a damages suit? Because essentially what they're alleging is a tort of some sort in this case, and the complaint was filed pursuant to 28 U.S.C. 1491. The only other basis for jurisdiction that's been suggested is 2412B, which doesn't apply. There is no statutory basis for the court of federal claims to entertain the request for relief, which Totolo King has now set forth in its supplemental brief to this court, at least to the government's knowledge, and Totolo King has suggested neither a statutory basis... Maybe he should have alleged a due process violation. Would that have helped him? No, because the case is addressing... But in doubt, that's what you do. And the matter would be briefed and argued. And I've addressed questions alleging a general constitutional... But there isn't a statutory violation, there isn't a statutory provision in this case, a regulatory provision, or any case law which suggests the existence of the remedy which they now claim they're entitled to in the briefing and argument before this court. And you're talking about the attorney's fees? There's nothing for attorney's fees. Yes, attorney's fees and this damages. And lost profits, to the best of my recollection, the first time it's ever been raised as an oral argument today. And I was reviewing the briefing, attempting to quickly before, because it hadn't been raised in the briefing and I wanted to see if it perhaps had been raised in passing. But to the best of my knowledge, this is the first time it's ever been raised. There is no statutory basis for the Court of Federal Claims to entertain this. Okay. I see my time is up. Thank you. Mr. Kinberg, we've consumed all of your time, but we'll give you a couple of minutes for a rebuttal. Thank you, Your Honor. I appreciate your consideration. I just have a couple of points. One, under the EAJA, there's a specific provision that provides the court to reward other relief as it deems appropriate. Avtel doesn't apply to this case. Avtel was a bankruptcy case with a general assignment to liquidate the assets. This is a completely different situation. This is a business that still exists. And in fact, while it can't bid on service-disabled veterans, it can still bid on small business projects, it can still bid on small businesses. Tetello and King combined together do not exceed the net worth required or the gross sales requirement set up in the appropriate NACE code for small businesses doing construction. So they can still do work. They just can't do work under this limited category. With respect to EAJA, is it your position, is this a fair statement of your position, is that because EAJA would give you a right to apply for attorney's fees if you were a prevailing party, then EAJA therefore defeats a claim of mootness in any case in which one might raise an EAJA claim and gives you a right to go back to court and get a ruling on the merits in order to determine whether you're the prevailing party? I agree with that. Well, the trouble is that that seems to me to be squarely contrary to Buchanan against West Virginia from the Supreme Court in which the court said once the case was moot, that was the end of it. There was no right to continue on in order to get fees. There was just a flat-out denial of the request for fees. But I don't believe that the case is moot when there's a likelihood that the conduct involved in the case will recur. That doesn't require the court to find a mootness. The purpose of the bid protest system is to allow contractors... When you say will recur, you mean this contracting officer or others in other contracts are apt to do similar things and therefore we should keep this case alive in order to get a ruling that will apply to other contracting officers? Is that what you mean by reoccur? Because that gets into the capable of repetition yet evading review doctrine, which, again, the Supreme Court has construed very narrowly. Is that the doctrine you're invoking? Yes, that's the doctrine we're invoking and we believe it applies in this case because when you look at the government's concession, which the court showed on page 17 of its original decision, that this contracting officer's behavior was inconsistent with other contracting officers' behavior. Well, if it's inconsistent with other contracting officers' behavior, then at least it won't recur, presumably, in a widespread basis. No, but if corrective action isn't taken, that then encourages contracting officers to kind of go their own way, and that's an important part of the bid protest system is to kind of put a little chill on contracting officers saying, you have discretion, you have a lot of it, but it's not absolute, and when there's laws and regulations that tell you what to do, you've got to do them. And so that's where we believe we come in, why we don't have mootness here. And we're at least entitled to recover if we had prevailed in the protest, which we believe we should have. The court made an interesting decision there. She conceded that the government admitted... The government conceded, excuse me, that this guy's behavior, excuse me, this contracting officer's behavior was inconsistent with all the other instances that we presented, but then she found that we hadn't established the factual predicate of showing a practice of how this work was done in the DVA, and we're talking about listing bond amounts and source-of-sought notices. So her decision between 16 and 17 actually contradicts itself because it was uncontested that this gentleman's behavior was inconsistent with other contracting officers' behavior in similar circumstances. And that's why we believe her basic decision was defective during the course of... I'm sorry. Did you have... You had a concluding thought? Uh... No, I'm finished, thank you. Okay, very good. Thank you. Thank you very much for your time. Case is submitted.